IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  07-cv-00150-WYD-MJW

MEMPHIS STREET, LLC, a Colorado limited liability company,

    Plaintiff,

v.

LOWE ENTERPRISES RESIDENTIAL INVESTORS, LLC, a Delaware limited liability company; and
WAYNE E. VADEN, in his capacity as Public Trustee for Denver County, Colorado,

    Defendants.

## ORDER REMANDING CASE

THIS MATTER is before the Court on the Joint Motion to Remand, filed February 12, 2007 (docket #13), by Plaintiff Memphis Street LLC ("Memphis") and Defendant Stephanie Y. O'Malley, as successor to Wayne E. Vaden, in her capacity as the Public Trustee for the City and County of Denver (the "Public Trustee").

Plaintiff initiated this action in District Court for the City and County of Denver, Colorado on January 16, 2007, seeking to set aside a foreclosure sale initiated by the Public Trustee and authorized by the state court pursuant to C.R.C.P. 120.  On January 19, 2007, Defendant Lowe Enterprises Residential Investors, LLC ("LERI") filed a Notice of Removal with this Court.  The Public Trustee did not join in the Notice of Removal, but LERI asserted that the Public Trustee was a "nominal" party for purposes of determining diversity jurisdiction.  Plaintiff seeks to remand this case and asserts that

the Public Trustee is not a nominal party, and that the *Rooker-Feldman* Doctrine divests this court of subject matter jurisdiction. Plaintiff also filed a motion for abstention.

The issue before me is whether diversity jurisdiction exists in this case and, if so, whether I should nevertheless abstain from hearing this matter. Judge Krieger recently addressed this identical issue in a case styled *Beeler Properties, LLC v. Lowe Enterprises Residential Investors, LLC and Mary L. Wenke*, Case No. 07-cv-00149-MSK-MJW. Similar to the case at bar, the *Beeler* case involved a property owner's request to set aside a state court order authorizing a foreclosure of the sale of its property. Defendant LERI was a Defendant in the *Beeler* case and filed a Notice of Removal in that case.

In a detailed Order, Judge Krieger determined that the *Beeler* case should be remanded to state court. Following a discussion of the Colorado real estate foreclosure process, Judge Krieger concluded that a federal court could abstain from hearing a state foreclosure action under either the *Rooker-Feldman* doctrine or the *Younger* doctrine.[1] Judge Krieger reasoned:

> If there was a final determination of the parties' rights at the time of the foreclosure sale of the property, for which the appropriate remedy is an independent action challenging the Rule 120 order, this Court must abstain pursuant to the

---

[1] The *Rooker-Feldman* doctrine is derived from the decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and precludes federal courts from reviewing state court judgments. The *Younger* abstention doctrine, derived from *Younger v. Harris*, 401 U.S. 37 (1971), applies when the claims raised in a federal proceeding are the subject of an ongoing state proceeding.

> *Rooker-Feldman* doctrine. This is because the Court is being asked to conduct an appellate-like review over the Rule 120 order authorizing the sale. Alternatively, if there has been no final determination of the rights of the parties because the foreclosure process was not concluded, then the Court should abstain under the *Younger* doctrine. Actions that challenge the Rule 120 order and process are proceedings involving important state interests concerning title to real property located and determined by operation of state law.

I agree with Judge Krieger's reasoning in the *Beeler* case and adopt it here.

Accordingly, it is hereby

ORDERED that the Joint Motion to Remand, filed February 12, 2007 (docket #13), by Plaintiff Memphis Street LLC ("Memphis") and Defendant Stephanie Y. O'Malley, as successor to Wayne E. Vaden, in her capacity as the Public Trustee for the City and County of Denver (the "Public Trustee") is **GRANTED**, and this matter is **REMANDED** to the Denver District Court for the City and County of Denver, Colorado.

Dated: May 15, 2007

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
U. S. District Judge